Weldon L. Moore, III
Texas Bar No. 14380500
**SUSSMAN & MOORE, L.L.P.**
8333 Douglas Avenue, Suite 1525
Dallas, Texas 75225
214-378-8270 (Phone)
214-378-8290 (Fax)

*PROPOSED ATTORNEY FOR DEBTOR*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ARCHER HEALTHCARE PROVIDERS, LLC | § | CASE NO. 10-70454-11 |
| d/b/a ARCHER CITY NURSING CENTER | § | |
| | § | |
| PADUCAH HEALTHCARE PROVIDERS, LLC | § | CASE NO. 10-70455-11 |
| d/b/a PADUCAH NURSING CENTER | § | |
| | § | |
| VERNON HEALTHCARE PROVIDERS, LLC | § | CASE NO. 10-70456-11 |
| d/b/a VERNON NURSING & | § | |
| REHABILITATION CENTER | § | EXPEDITED HEARING |
| | § | REQUESTED |

**AFFIDAVIT IN SUPPORT OF EMPLOYEE MOTION**

STATE OF TEXAS    §
                 §
COUNTY OF WILBARGER §

ON THIS the 6th day of October, 2010, before me, a Notary Public in and for the State of Texas, personally appeared Ronald Sanborn, known to me to be a credible person of lawful age, who being duly sworn, on oath deposes and says:

1. "My name is Ronald Sanborn. I am over the age of 18, and am not otherwise disqualified from making this Affidavit.

2. I am a Managing Member of each of the debtors in the above referenced bankruptcy proceedings which have made application to this Court for payment of pre-petition employee wages and salaries and payment of costs incidental to the foregoing. I am authorized to execute this Statement on behalf of each of the Debtors.

3. Debtors are each the operators of nursing homes located at 201 E. Chestnut, Archer City, Texas 76351 (the "Archer Home"); 800 7th Street, Paducah, Texas 79248 (the "Paducah Home") and 4301 Hospital Drive, Vernon, Texas 76384 (the "Vernon Home) (collectively the "Nursing Homes"). The Nursing Homes each have a mix of Medicare, Medicaid and private payment residents and has no other business other than operating the respective Nursing Homes. The Nursing Homes' real estate and improvements are owned by and leased by Debtor from an affiliate, Wood Family Enterprises, Inc. ("Wood Family Enterprises"). While affiliated with the Debtor as that term is used in the Bankruptcy Code, Wood Family Enterprises is a separate entity with separate ownership, assets and debts. Wood Family Enterprises was previously a debtor in a bankruptcy proceeding in the Northern District of Texas, Wichita Falls Division filed on December 29, 2006, Case No. 07-70041. Its Chapter 11 plan was confirmed and consummated and its bankruptcy case is closed.

4. Debtors' immediate need to file for bankruptcy arises out of a series of levies that were continuously served by the IRS which caused the Debtors to increase their trade debt and threatened the closure of Debtor's business by cutting off Debtor's sources of cash and ability to pay payroll.

5. These levies were based upon an allegation that these Debtors should be held responsible for the tax debts of separate legal entities: Covenant Care Center of Archer, LLC; Covenant Care Center of Paducah, LLC and Covenant Care Center of Vernon, LLC (the "Covenant

Entities"). The Covenant Entities were previously debtors in bankruptcy cases in this District and Division that have been dismissed.

6. Debtors did not incur the tax debts at issue and will litigate such issue. It is Debtors' current intention to pay its trade debt and only if found liable, the tax debt of the Covenant Entities.

7. The Debtors have the following employees:

    a. Archer Home – 43;

    b. Paducah Home – 32;

    c. Vernon Home – 61

8. The Debtors have two pay periods, ending on the 15th and the end of each month. Debtor's employees are paid ten days after the end of each pay period. For instance, Debtor's pay period ending September 15, 2010 resulted in payroll made September 24, 2010.

9. The employees were last paid on September 24 2010, for their services rendered for September 1, 2010 through September 15, 2010. The employees are next due to be paid October 11, 2010 (because October 10th falls on a Sunday) for the period September 16, 2010 through September 30, 2010. Approval is being sought for the payment of pre-petition wages for the September 16, 2010 through September 30, 2010. No employee is owed an amount equal to or in excess of the $10,950.00 limit per claim.

10. As of the Petition Date, as to Archer, the accrued but unpaid pre-petition payroll for period ending September 30, 2010 was $30,904.02 for net "pay check" plus $7,791.19 for payroll and other withholding for a total of $7,459.51 for 43 employees. In addition to the accrued payroll, Debtors estimate the Employees are owed approximately 10% of one pay period in the aggregate for each of the entities, in vacation pay and paid-time-off ("Non-Payroll Compensation" and collectively with the Accrued Payroll, the "Employee Compensation").

11. As of the Petition Date, as to Paducah, the accrued but unpaid pre-petition payroll for period ending September 30, 2010 was $22,093.05 for net "pay check" plus $5,137.88 for payroll and other withholding for a total of $4,974.83 for 32 employees. In addition to the accrued payroll, Debtors estimate the Employees are owed approximately 10% of one pay period in the aggregate for each of the entities, in vacation pay and paid-time-off ("Non-Payroll Compensation" and collectively with the Accrued Payroll, the "Employee Compensation").

12. As of the Petition Date, as to Vernon, the accrued but unpaid pre-petition payroll for period ending September 30, 2010 was $49,650.65 for net "pay check" plus $13,250.12 for payroll and other withholding for a total of $12,771.35 for 61 employees. In addition to the accrued payroll, Debtors estimate the Employees are owed approximately 10% of one pay period in the aggregate for each of the entities, in vacation pay and paid-time-off ("Non-Payroll Compensation" and collectively with the Accrued Payroll, the "Employee Compensation") was due and owing as of the petition date because, among other things:

(a) Certain amounts owed for Accrued Payroll have not yet been distributed to the Employees including withholding and matching taxes; and

(b) Certain other forms of compensation (e.g., vacation pay and paid-time-off) related to pre-petition services have not yet been paid to or for the benefit of Employees because such benefits, although accrued either in whole or in part prior to the Petition Date, were not payable at such time, but rather will become payable in the future in the ordinary course of the Debtor's business.

13. None of the Employees are owed more than the $10,950 limit in pre-petition Employee Compensation and Benefits, and in fact, the amount for each is far less (see Exhibit "A" to the Motion - a report of pay for period September 16, 2010 through September 30, 2010).

14. The Debtors seek the relief described above because any delay in paying Employee Compensation or Benefits will destroy the Debtor's relationship with the Employees and irreparable impair Employee morale at the very time when the dedication, confidence and cooperation of the Employees is most critical. With respect to the Debtor's business, one of its most important assets is its Employees. The orderly preservation of the Debtor's assets may be severely impaired if the Debtors are not immediately granted authority to make the payments described in this Motion. At this critical early stage, the Debtors simply cannot risk the substantial disruption to asset preservation efforts that would inevitably attend any decline in work force morale attributable to the Debtor's failure to pay Employee Compensation and Benefits in the ordinary course. Accordingly, preserving Employee morale and retaining Employees is critical to the Debtor's ability to provide for the welfare of its residents as well as it attempt to reorganize or sell its business as a going concern.

15. Employee Compensation was due and owing as of the petition date because, among other things:

    (a) Certain amounts owed for Accrued Payroll have not yet been distributed to the Employees including withholding and matching taxes; and

    (b) Certain other forms of compensation (e.g., vacation pay and paid-time-off) related to pre-petition services have not yet been paid to or for the benefit of Employees because such benefits, although accrued either in whole or in part prior to the Petition Date, were not payable at such time, but rather will become payable in the future in the ordinary course of the Debtor's business.

16. The Debtor seeks the relief described above because any delay in paying Employee Compensation, or Benefits will destroy the Debtor's relationship with the Employees and irreparably impair Employee morale at the very time when the dedication, confidence and cooperation of the Employees is most critical. With respect to the Debtor's business, one of its most important assets is its Employees. The orderly preservation of the Debtor's assets may be severely impaired if the

Debtor is not immediately granted authority to make the payments described in this Motion. At this critical early stage, the Debtor simply cannot risk the substantial disruption to asset preservation efforts that would inevitably attend any decline in work force morale attributable to the Debtor's failure to pay Employee Compensation and Benefits in the ordinary course. Accordingly, preserving Employee morale and retaining Employees is critical to the Debtor's ability to provide for the welfare of its residents as well as it attempt to reorganize or sell its business as a going concern.

17. In addition, the Debtor requests that it be permitted to pay all costs incident to Employee Compensation and Benefits requested herein, such payroll related taxes and processing costs that may arise. None of the relevant claims, even with all potential extra costs and benefits will be equal to or in excess of the $10,950 limit and will in fact be substantially lower.

FURTHER, AFFIANT SAYETH NOT."

By: _____
Ronald Sanborn

SUBSCRIBED UNDER PENALTY OF PERJURY on this 6th day of October, 2010.

{SEAL}    _____
Notary Public in and for the State of Texas


RUTHIE BUTTS
Notary Public
State of Texas
My Comm. Exp. 03-21-2011


RUTHIE BUTTS
Notary Public
State of Texas
My Comm. Exp. 03-21-2011

AFFIDAVIT IN SUPPORT OF EMPLOYEE MOTION - PAGE 6 OF 6
C:\Sanborn's Stuff B Illinois 2010 Affidavit 1009.10.doc